IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | |
|---|---|
| CINCELIA EVANS and OLEISHA EVANS, ) | |
| as sole heirs to NATHANIEL EVANS and ) | |
| CAROLYN BRINSON ELLIS, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | No. 15-2725-STA-cgc |
| ) | |
| WELLS FARGO BANK, N.A., ) | |
| as Trustee for the OPTION ONE ) | |
| WOODBRIDGE LOAN TRUST 2002-1, ASSET ) | |
| BACKED CERTIFICATES SERIES 2002-1, ) | |
| and OCWEN LOAN SERVICING, ) | |
| ) | |
| Defendants. ) | |

_____

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**
_____

Before the Court is Defendants Well Fargo Bank, N.A. and Ocwen Loan Servicing's Motion to Dismiss (ECF No. 7) filed on November 13, 2015. Local Rule 12.1(b) requires a party opposing a motion to dismiss to respond within 28 days after the motion is served. Plaintiffs Cincelia Evans and Leisha Evans's response was due then by December 14, 2015. To date Plaintiffs have failed to respond to Defendant's Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss is **GRANTED**.

**BACKGROUND**

Plaintiffs filed their Complaint to Enjoin Foreclosure Sale, and for Declaratory Judgment, Quiet Title and to Interplead Funds in the Chancery Court of Shelby County, Tennessee, on September 11, 2015. Defendants filed a Notice of Removal on November 5, 2015. For purposes of Defendants' Motion to Dismiss, the Court accepts the following well pleaded allegations of

1

the Complaint as true. Plaintiffs' decedents Carolyn Ellis and Nathaniel Evans held title to real property at 3061 Princeton Avenue, Memphis, Tennessee 38114. (Compl. ¶ 4.) Plaintiffs' decedents received a mortgage loan secured by the property from Option One Mortgage on February 15, 2002. (*Id.*) Option One Mortgage is not a party to this action. On June 9, 2005, decedent Carolyn Ellis died intestate leaving Plaintiffs as her only heirs, whereupon all of decedent's interest in the subject property passed to Plaintiffs. (*Id.*) On July 13, 2011, decedent Nathaniel Evans executed a quitclaim deed, transferring all right and title and interest he possessed in the property to Plaintiffs. (*Id.*) Decedent Nathaniel Evans passed away on August 7, 2014. (*Id.*)

On May 3, 2015, an electrical fire occurred at the subject property, causing the home to burn down and rendering it uninhabitable. (*Id.* ¶ 6.) TAPCO Underwriters Inc. insured the property, and Crawford and Co. managed the insurance claim for the fire loss. (*Id.*) Neither TAPCO Underwriters Inc. nor Crawford and Co. are parties to this action. Crawford and Co. eventually issued a check in the amount of $37,000.00 for the loss, payable to both of Plaintiffs' decedents as well as Ocwen Mortgage Servicing (hereinafter "Ocwen"). (*Id.*) Plaintiffs deny that Ocwen is the holder of the mortgage on Plaintiffs' property, only a servicer of the loan, which is purportedly held by the Option One Woodbridge Loan Trust 2002-1, Asset Back Securities, Series 2002-1 ("the Option One Woodbridge Loan Trust"). (*Id.*)

Following the deaths of Plaintiffs' decedents, Plaintiffs began making mortgage payments. (*Id.* ¶ 7.) At some point after that time, Ocwen noticed a foreclosure sale. (*Id.* ¶ 8.) After making inquiries, Plaintiffs discovered that Ocwen did not claim to service the loan on behalf of Option One Mortgage but the Option One Woodbridge Loan Trust. (*Id.*) Plaintiffs made a diligent search with the Shelby County Register but found no filings showing a transfer

of ownership from Option One Mortgage to the trust. (*Id.*) Plaintiffs allege upon information and belief that the trust and Wells Fargo Bank, N.A., in its capacity as trustee, are not proper assignees or parties to the original mortgage and therefore have no claim or right to foreclose on Plaintiffs' property under the deed of trust. (*Id.*)

From these premises, Plaintiffs seek a declaration that the foreclosure sale on their property was (would be) invalid and unenforceable under Tennessee law because neither Wells Fargo nor the Option One Woodbridge Loan Trust have any right to foreclose. (*Id.* ¶¶ 9-12.) Plaintiffs further allege causes of action to quiet title and for a declaration that Plaintiffs are the true owners of the subject property. (*Id.* ¶ 13.) Plaintiffs also seek to interplead with the Court the funds they received from the property insurance company for the fire loss at the home until such time as the Court can decide whether Ocwen has any right in the funds. (*Id.* ¶ 14.)[1] Plaintiffs seek damages for the potential loss of the subject property, the disgorgement of payments made by Plaintiffs to Defendants in the amount of $25,000.00, damages for slander to title in the amount of $30,000.00, and costs and attorney's fees. Plaintiffs' final prayer is for a total award of $50 million in damages.

Defendants have moved to dismiss Plaintiffs' Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Defendants have attached to their Motion copies of the promissory note signed by Plaintiffs' decedents, the deed of trust between Plaintiffs' decedents and Option One Mortgage, and Option One Mortgage's assignment of the deed of trust to Wells Fargo Bank, N.A., as the trustee for the Option One Woodbridge Loan Trust.

---

[1] The Complaint concludes with a pray for injunctive relief to halt a foreclosure sale set for September 25, 2015. It is not clear to the Court from the state court record whether the state court already enjoined the foreclosure sale or whether Defendants pressed ahead with the foreclosure. Because the Court holds that the Complaint fails to state a claim for relief, the Court need not resolve this issue.

Defendants argue that under the terms of the promissory note, Option One Mortgage had discretion to transfer the note. The exhibits to the Motion to Dismiss show that Option One Mortgage transferred its interests in the promissory note by endorsing the note to Wells Fargo Bank Minnesota, N.A. as Trustee. According to an allonge attached to the note, Wells Fargo Bank, N.A., as successor to Wells Fargo Bank Minnesota, N.A., as Trustee, transferred the note to Wells Fargo Bank, N.A., as trustee for the Option One Woodbridge Loan Trust.

The exhibits to the Motion to Dismiss likewise demonstrate that Option One Mortgage assigned its interest in the deed of trust. On September 22, 2015, Sand Canyon Corporation f/k/a Option One Mortgage Corporation recorded a Corporate Assignment Deed of Trust assigning the Deed of Trust to Wells Fargo Bank, N.A. as Trustee for the Option One Woodbridge Loan Trust. The Corporate Assignment Deed of Trust was recorded with the Shelby County Register on September 30, 2005. Defendants maintain that the Court can properly consider these exhibits because all of the exhibits are public records and are referenced in the Complaint and central to Plaintiffs' claims for relief.

Defendants argue that the exhibits undermine Plaintiffs' theory of the case that Wells Fargo Bank, N.A. as Trustee for the Option One Woodbridge Loan Trust, lacks any rights in the note or deed of trust and therefore cannot foreclose on Plaintiffs' property. The exhibits show that Wells Fargo in its capacity as trustee for the the Option One Woodbridge Loan Trust is the transferee of the promissory note executed by Plaintiffs' decedents. Defendants contend that under Tennessee law a mortgage passes with the note and that a holder of the note at the time of default can foreclose on the property. Furthermore, a deed of trustee need not also be assigned before the holder of the note can enforce the terms of the note. The exhibits show that Wells Fargo became the transferee of the note in February 2002; no further assignment of the deed of

4

trust was required before Wells Fargo could exercise its right to foreclose. The exhibits also show that Option One Mortgage's successor has now assigned the deed of trust to Wells Fargo, though the Court notes that the assignment occurred shortly after Plaintiffs had filed their Complaint. Defendants finally argue that to the extent the Complaint can be read to challenge Wells Fargo's standing to foreclose because of the securitization of the loan, the Court should hold that the Complaint fails to state a claim. Having established that Plaintiffs' underlying theory of the case is without merit, the Court should conclude that Plaintiffs' claims to quiet title and interplead the insurance proceeds are without merit. Therefore, Defendants believe they are entitled to the dismissal of Plaintiffs' suit.

## STANDARD OF REVIEW

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pleaded allegations of the pleadings as true and construe all of the allegations in the light most favorable to the non-moving party.[2] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[3] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[4] Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[5] Although this standard does not require "detailed

---

[2] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[3] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[4] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[5] Fed. R. Civ. P. 8(a)(2).

factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[6] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[7] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[8]

## ANALYSIS

The Court holds that Plaintiffs have failed to state plausible facts to make out their theory that Defendants lack the right to foreclose. The Complaint alleges that no transfer or assignment of the promissory note or deed of trust ever occurred. As such, only Option One Mortgage, the original party to the note and deed of trust, has any right to initiate a foreclosure. However, the Court finds that the written instruments plainly contradict these allegations. Generally speaking, the Court is required to accept the well-pleaded factual allegations of the Complaint as true, unless a "written instrument plainly contradicts the pleadings."[9] Where such a contradiction exists, the instrument "trumps the allegations" of the pleadings.[10] Furthermore, an instrument attached as "an exhibit to a pleading is a part of the pleading for all purposes" under Federal Rule

---

[6] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012) (quoting *Twombly,* 550 U.S. at 555).

[7] *Twombly*, 550 U.S. at 555, 570.

[8] *Iqbal*, 556 U.S. at 678.

[9] *Creelgroup, Inc. v. NGS Am., Inc.*, 518 F. App'x 343, 347 (6th Cir. 2013) (citations omitted).

[10] *Id.*

Civil Procedure 10(c) where as here a plaintiff alleges a claim based upon a contract or other instrument.[11]  Rule 10(c) is permissive, and a plaintiff is under no obligation to attach to his complaint documents upon which his action is based.[12]  Where a plaintiff fails to attach an instrument to the complaint, however, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim."[13]

While Plaintiffs have not attached any of the relevant instruments to their Complaint, Defendant has produced a copy of the promissory note (ECF No. 7-2), the deed of trust (ECF No. 7-3), and the assignment of the deed of trust (ECF No. 7-4), all as exhibits to the Motion to Dismiss.  The Court may consider these exhibits because the Complaint refers to each document and the documents are central to Plaintiffs' claims for relief.  The Court construes the promissory note, the deed of trust, and the assignment and concludes that they contradict the key allegations of the Complaint and therefore "trump" Plaintiffs' claims about the transfer and assignment of the note and deed of trust.

The promissory note shows that Option One Mortgage did, in fact, transfer the note by special endorsement to another party, Wells Fargo Bank of Minnesota, N.A. as trustee.  The allonge to the note shows that Wells Fargo Bank, N.A., as successor by merger to Wells Fargo Bank of Minnesota, N.A., as trustee, specially endorsed the note to Wells Fargo Bank, N.A., as Trustee for the Option One Woodbridge Loan Trust. Rather than showing that Option One Mortgage never transferred or endorsed the note as the Complaint alleges, the note itself shows

---

[11] Fed. R. Civ. P. 10(c).

[12] *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (citing 5 Charles A.Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1327, at 762 (2d ed. 1990)).

[13] *Id.*

7

that Option One Mortgage specially endorsed the note to Wells Fargo Bank of Minnesota, N.A. as trustee, and that Wells Fargo Bank, N.A., in its capacity as Wells Fargo Bank of Minnesota, N.A.'s successor by merger, transferred the note to Wells Fargo Bank, N.A., in its capacity as trustee. Therefore, the Court declines to accept as true Plaintiffs' allegations about the lack of transfer or endorsement of the promissory note.

The pleadings show that Option One Mortgage transferred the note and that Wells Fargo Bank, N.A., as trustee for for the Option One Woodbridge Loan Trust, is the transferee of the note. The transfer of the note vested in Wells Fargo the right to enforce the lien created by the note and the deed of trust. "It is well-settled under Tennessee law that the transfer of a note automatically carries with it the lien created by the accompanying deed of trust or other instrument securing it."[14] "Tennessee law does not require note assignees to record assignments in order to enforce notes against third parties."[15] Plaintiffs' allegation then that no recording with the Shelby County Register existed to show that the note or the deed of trust was transferred is unavailing. It was not mandatory under Tennessee law for Option One Mortgage or Wells Fargo Bank of Minnesota, N.A. or Wells Fargo Bank, N.A. to record the transfer of the promissory note with the Shelby County Register. Any rights Option One Mortgage had in the note, including the right to foreclosure on the collateral for the loan, passed to Wells Fargo Bank, N.A. as trustee for the Option One Woodbridge Loan Trust. Without factual support to show that Wells Fargo Bank, N.A. lacks standing to enforce the note, Plaintiffs' Complaint fails to state any claim that Wells Fargo Bank, N.A. lacks rights in the note or the deed of trust.

---

[14] *Dauenhauer v. Bank of New York Mellon*, 562 F. App'x 473, 479 (6th Cir. 2014) (citing *W.C. Early Co. v. Williams*, 186 S.W. 102, 103–04 (Tenn. 1916)).

[15] *Id.* at 479-80.

It is true that Defendants have also adduced evidence of an assignment of the deed of trust. According to the exhibit to the Motion to Dismiss, Option One Mortgage's successor assigned its interests in the deed of trust to Wells Fargo Bank, N.A., as Trustee for the Option One Woodbridge Loan Trust on September 22, 2015. The assignment was recorded with the Shelby County Register on September 30, 2015. The Court notes that both the assignment and the recording of the assignment occurred after Plaintiffs filed suit to enjoin the foreclosure. The assignment of the deed of trust actually has no bearing on the rights of Defendants to conduct the foreclosure. As already mentioned, the transfer of a note, with or without a separate recording of the transfer, "automatically carries with it the lien created by the accompanying deed of trust or other instrument securing it."[16] Even though the assignment of the deed of trust occurred after Plaintiffs filed suit, the timing of the assignment of the deed of trust does not preclude Defendants from exercising their right to enforce the note.

Having concluded that Plaintiffs' have failed to plead plausible facts to establish their theory of the case that Defendants lack the right to foreclose, the Court holds that Defendants are entitled to the dismissal of Plaintiffs' claims for declaratory judgment and quiet title. Plaintiffs seek a declaration that "neither Wells Fargo nor the [Option One] Woodbridge Loan Trust have any right to foreclose the property without demonstration of a right to enforce the contract signed with Option One."[17] Plaintiffs further allege that Defendants' demand for payments from Plaintiffs and attempt to foreclose on Plaintiffs' property have created confusion over Plaintiffs' rights in the subject property. Because the promissory note itself shows that Defendants have

---

[16] *Dauenhauer*, 562 F. App'x at 479.

[17] Compl. ¶ 12.

rights in the note and the right under Tennessee law to enforce their lien on Plaintiffs' property, the Complaint fails to state a claim for declaratory judgment or quiet title.

Likewise, Plaintiffs' have failed to state a claim to interplead the insurance proceeds from the fire loss at their property. The Complaint alleges that Defendant Ocwen is listed as a loss payee on the insurance check. Plaintiffs deny that Ocwen has any interest in the funds. While Plaintiffs appear to concede that Ocwen is a loan servicer for the mortgage on Plaintiffs' property, the Complaint alleges Ocwen purports to service the loan on behalf of the the Option One Woodbridge Loan Trust. For the reasons already explained, Plaintiffs have failed to plead any claim based on the theory that Wells Fargo or the Option One Woodbridge Loan Trust lack the right to enforce the note. Finally, the Court need not consider Defendants' arguments about a possible claim based on the securitization of the mortgage on Plaintiffs' property. No such claim appears on the face of the Complaint, and Plaintiffs have failed to respond to the Motion to Dismiss raising such an issue. For all of these reasons, Defendants' Motion to Dismiss is **GRANTED**.

## CONCLUSION

The Complaint fails to plausibly allege that Defendants lack any right to enforce the promissory note secured by a deed of trust on Plaintiffs' property. The promissory note shows that the original promise on the note Option One Mortgage transferred its interests in the note and that Defendant Wells Fargo Bank, N.A., as Trustee for Option One Woodbridge Loan Trust 2002-1, Asset Backed Certificate Series 2002-1, is the transferee with rights in the note. Therefore, Defendants' Motion to Dismiss is **GRANTED**. The scheduling conference set for December 18, 2015, is hereby cancelled. The Clerk is directed to enter judgment in favor of Defendants.

**IT IS SO ORDERED.**

                                        **s/ S. Thomas Anderson**
                                        S. THOMAS ANDERSON
                                        UNITED STATES DISTRICT JUDGE

                                        Date: December 17, 2015