IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

CINCELIA EVANS and OLEISHA EVANS,  )
as sole heirs to NATHANIEL EVANS and )
CAROLYN BRINSON ELLIS,              )
                                    )
            Plaintiffs,             )
v.                                  )    No. 15-2725-STA-cgc
                                    )
WELLS FARGO BANK, N.A.,             )
as Trustee for the OPTION ONE       )
WOODBRIDGE LOAN TRUST 2002-1, ASSET )
BACKED CERTIFICATES SERIES 2002-1,  )
and OCWEN LOAN SERVICING,           )
                                    )
            Defendants.             )
_____

**ORDER DENYING PLAINTIFFS' MOTION TO REMAND AND DENYING MOTION
TO SET ASIDE JUDGMENT**
_____

Before the Court is Plaintiffs Cincelia Evans and Leisha Evans's Motion to Set Aside Judgment (ECF No. 13) filed on December 17, 2015. Defendants Well Fargo Bank, N.A. and Ocwen Loan Servicing have responded in opposition. For the reasons set forth below, Plaintiffs' Motions are **DENIED**.

**BACKGROUND**

Plaintiffs filed their Complaint to Enjoin Foreclosure Sale, and for Declaratory Judgment, Quiet Title and to Interplead Funds in the Chancery Court of Shelby County, Tennessee, on September 11, 2015. Defendants filed a Notice of Removal on November 5, 2015, and a Rule 12(b)(6) motion to dismiss on November 13, 2015. When Plaintiffs did not respond to the motion to dismiss within the time allowed under the Local Rules of Court, the Court took up the motion and concluded that the Complaint failed to state a claim for relief. On December 17,

1

2015, the Court entered an order granting the motion to dismiss (ECF No. 10), and the Clerk of Court entered judgment (ECF No. 11).  Later the same day and subsequent to the entry of the judgment, Plaintiffs filed a Motion to Remand (ECF No. 12) as well as a Motion to Set Aside the Judgment (ECF No. 13).

In their Motion to Remand, Plaintiffs challenge the Court's subject-matter jurisdiction. Plaintiffs argue that Defendants removed the Complaint from state court but without proof to establish their allegation of diversity of citizenship.  Defendant Wells Fargo Bank, N.A. ("Wells Fargo") claims to be a national banking association with its headquarters in San Franciso, California.  Wells Fargo has not adduced any evidence, however, to establish this claim and has offered no proof about the citizenship of the Option One Woodbridge Loan Trust or its certificate holders.  Plaintiffs also argue that the Court cannot even determine whether Wells Fargo is a real party in interest to this action until Wells Fargo produces the pooling and servicing agreement outlining the powers and duties vested with Wells Fargo to act as trustee. Likewise, Defendant Ocwen Loan Servicing, LLC ("Ocwen") is a limited liability company who claims as its sole member a Florida corporation.  As the removing parties, Defendants have the burden to establish subject-matter jurisdiction.  However, without proof to support their claims about their citizenship, Defendants have not shown that the Court has jurisdiction.  Therefore, Plaintiffs argue that remand is required.

In their separately filed Motion to Set Aside the Judgment, Plaintiffs argue that the Court should vacate its judgment pursuant to Federal Rule of Civil Procedure 60(b).  According to Plaintiffs, their Motion to Remand has raised the issue of subject-matter jurisdiction.  If the Court determines that subject-matter jurisdiction is lacking, the Court should vacate its order of dismissal and remand the case to state court.  And if the Court declines to consider its subject-

matter jurisdiction, Plaintiffs will be forced to contest the issue on appeal. The Court's analysis of subject-matter jurisdiction at this stage of the proceedings will serve the interests of judicial economy. Therefore, Plaintiffs request a stay of the Court's ruling on the motion to dismiss, even though the Court has already entered its order granting the motion.

In their responses in opposition to Plaintiffs' Motions, Defendants argue that the Court has subject-matter jurisdiction, and remand is unnecessary. Defendants acknowledge as the removing party, they bear the burden to establish subject-matter jurisdiction. Defendants argue that their Notice of Removal establishes their citizenship by a preponderance of the evidence. Defendants contend that Plaintiffs' Motion to Remand is simply an attempt to circumvent the Court's order of dismissal. As for the Motion to Set Aside the Judgment, Defendants argue that the Motion should be denied. Plaintiffs have not shown why they are entitled to relief under Rule 60(b)(6) or why they waited until the Court had dismissed their Complaint to raise the issue of subject matter jurisdiction. Therefore, Plaintiffs' Motions should be denied.

## STANDARD OF REVIEW

"Subject matter jurisdiction defines the court's authority to hear a given type of case" and represents "the extent to which a court can rule on the conduct of persons or the status of things."[1] "In the absence of subject-matter jurisdiction, a federal court must dismiss the lawsuit—no matter how far along the litigation has progressed (including to the last-available appeal), no matter whether the parties forfeited the issue, no matter indeed whether the parties have waived it."[2] Federal Rule of Civil Procedure 12(h)(3) provides that "[w]henever it appears

---

[1] *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting *United States v. Morton,* 467 U.S. 822, 828 (1984) and Black's Law Dictionary 870 (8th ed. 2004)).

[2] *Herr v. U.S. Forest Serv.*, 803 F.3d 809, 813-14 (6th Cir. 2015) (citing *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434-35 (2011) and Fed. R. Civ. P. 12(h)(3)); *see also Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 18 (1951) ("To permit a federal trial court to enter a

by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."[3] "[F]ederal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists."[4] "The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."[5]

Plaintiffs have raised their challenge to the Court's subject matter jurisdiction subsequent to the entry of judgment. Generally speaking, "[a] district court has no power to alter the terms of a final judgment unless it vacates the prior order pursuant to Rule 60(b) and reopens the proceedings."[6] The Sixth Circuit has held that "relief under Rule 60(b) is circumscribed by

---

judgment in a case removed without right from a state court where the federal court could not have original jurisdiction of the suit even in the posture it had at the time of judgment, would by the act of the parties work a wrongful extension of federal jurisdiction and give district courts power the Congress has denied them.").

[3] Fed. R. Civ. P. 12(h)(3).

[4] *Pitt Exavating, LLC v. Pitt*, 603 F. App'x 393, 396 (6th Cir. 2015)

[5] *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006) (internal citations omitted). The federal removal statute at 28 U.S.C. § 1447(c) differs slightly from Federal Rule of Civil Procedure 12(h)(3) and requires remand, not dismissal, of a removed case "[i]f at any time *before final judgment* it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c) (emphasis added); *see also Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 565 (6th Cir. 2015) ("[A] challenge to subject matter jurisdiction over a removed case may be raised at any time before final judgment.") The Sixth Circuit has not addressed the difference in language between Rule 12(h)(3) and section 1447(c) or how the entry of judgment affects a party's challenge to subject matter jurisdiction in a case removed from state court. In any event, the Court finds it unnecessary to reach this issue in order to decide Plaintiffs' Motions.

[6] *Twarozynski v. Meijer, Inc.*, 1988 WL 18146, at *2 (6th Cir. 1988) (citing *Hinsdale v. Farmers Nat'l Bank & Tr. Co.*, 823 F.2d 993 (6th Cir. 1987)).

public policy favoring finality of judgments and termination of litigation."[7] Plaintiffs seek relief under Rule 60(b)(6), which allows the Court to relieve a party from a final judgment for "any other reason that justifies relief."[8] The Sixth Circuit has held "that Rule 60(b)(6) should apply only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule."[9] In this case Rule 60(b)(4) actually governs because Plaintiffs challenge the Court's subject matter jurisdiction. That paragraph permits the Court to relieve a party from a final judgment where "the judgment is void."[10] "Under Rule 60(b)(4), if the rendering court lacked subject matter jurisdiction, the underlying judgment is void, and it is *per se* an abuse of discretion to deny a movant's motion to vacate."[11] As the party seeking relief under Rule 60(b), Plaintiffs have the burden to show an entitlement to relief by clear and convincing evidence.[12]

## ANALYSIS

The issue presented here is whether the Court's judgment is void for lack of subject matter jurisdiction. At the outset, the Court notes that nothing in the record of the case at the

---

[7] *Blue Diamond Coal Co. v. Trs. of UMWA Combined Benefit Fund*, 249 F.3d 519, 524 (6th Cir. 2001).

[8] Fed. R. Civ. P. 60(b)(6).

[9] *Taylor v. Streicher*, 469 F. App'x 467, 468 (6th Cir. 2012) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)).

[10] Fed. R. Civ. P. 60(b)(4).

[11] *In re G.A.D., Inc.*, 340 F.3d 331, 335-36 (6th Cir. 2003) (citing *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 108 (6th Cir. 1995)); *see also Taubman Co. v. Webfeats*, 319 F.3d 770, 773 (6th Cir. 2003); *Gen. Star Nat. Ins. Co. v. Administratia Asigurarilor de Stat*, 289 F.3d 434, 437 (6th Cir. 2002).

[12] *JPMorgan Chase Bank, N.A. v. First Am. Title Ins. Co.*, 750 F.3d 573, 585 (6th Cir. 2014), *as amended* (July 2, 2014), *cert. denied sub nom. First Am. Title Ins. Co. v. F.D.I.C.*, 135 S. Ct. 2349, 192 L. Ed. 2d 143 (2015).

time of removal or when the Clerk entered judgment suggested that the Court lacked subject matter jurisdiction. Defendants' Notice of Removal alleged that this Court had subject matter jurisdiction under 28 U.S.C. § 1332 and specifically alleged complete diversity of citizenship between the parties. According to the Notice of Removal, Plaintiffs are citizens of the state of Tennessee. Wells Fargo is a national banking association with its main office in San Francisco, California.[13] Ocwen is a limited liability company whose sole member is Ocwen Mortgage Servicing, Inc., a Florida corporation.[14] In other words, the Notice of Removal contained "a short and plain statement of the grounds for removal," including allegations demonstrating complete diversity.[15] On its face, the Notice of Removal satisfied the standards of 28 U.S.C. § 1446(a) and properly brought Plaintiffs' claims before this Court. "Federal courts considering Rule 60(b)(4) motions that assert a judgment is void because of a jurisdictional defect generally have reserved relief only for the exceptional case in which the court that rendered judgment lacked even an arguable basis for jurisdiction."[16] Rule 60(b)(4) relief is not appropriate in this

---

[13] *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006) (holding held that for purposes of diversity jurisdiction and 28 U.S.C. § 1348, a national bank like Wells Fargo "is a citizen of the State in which its main office, as set forth in its articles of association, is located").

[14] *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015) (holding that for purposes of diversity, a limited liability company "has the citizenship of each of its members"); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (holding that a corporation's "principal place of business" is its "nerve center" or "the place where a corporation's officers direct, control, and coordinate the corporation's activities").

[15] 28 U.S.C. § 1446(a); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014).

[16] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010) (quoting *Nemaizer v. Baker,* 793 F.2d 58, 65 (2d Cir. 1986)).

case because a lack of subject matter jurisdiction was not "so glaring as to constitute a total want of jurisdiction" or because "no arguable basis for jurisdiction existed."[17]

And Plaintiffs do not argue otherwise. Plaintiffs' Motions do not suggest a lack of subject matter jurisdiction or the absence of complete diversity of citizenship. Rather Plaintiffs argue that remand is required because Defendants have failed to support the jurisdictional allegations of their Notice of Removal with proof of each Defendant's citizenship. In their Motion to Remand, Plaintiffs state that Defendants' Notice of Removal included no evidence to establish its allegations about the citizenship of Wells Fargo and Ocwen and no evidence about the citizenship of the certificate holders of the Trust or the powers of the Trustee. Plaintiffs argue that Defendants could have attached the Trust's pooling and servicing agreement to the Notice of Removal and thereby established Wells Fargo's rights to act as trustee. Plaintiffs go on to argue that without this proof, Wells Fargo is not the real party in interest and is only a nominal party. For these reasons, according to Plaintiffs, "removal was inappropriate and . . . there is no case law which supports removal without such a showing."[18]

The Court finds that Plaintiffs' argument is without merit. A removing defendant is not required to prove up the jurisdictional allegations of a notice of removal by submitting evidence with the notice.[19] The United States Supreme Court rejected such a requirement in *Dart Cherokee Basin Operating Co., LLC v. Owen*. At issue in *Owen* was a Tenth Circuit rule that

---

[17] *In re G.A.D., Inc.*, 340 F.3d at 336 (holding that a "Rule 60(b)(4) motion will succeed only if the lack of subject matter jurisdiction was so glaring as to constitute a total want of jurisdiction or no arguable basis for jurisdiction existed") (citations and internal quotation marks omitted).

[18] Pl.'s Mot. to Remand 2, ECF No. 21-1.

[19] *Owens*, 135 S. Ct. at 553 ("[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court. ").

required a removing defendant to include with a notice of removal evidentiary submissions establishing an amount in controversy greater than $75,000.00. The Supreme Court overturned the rule, holding that 28 U.S.C. § 1446(a) simply required a notice containing "a short and plain statement of the grounds for removal."[20] The *Owen* Court observed that "§ 1446(a) tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules of Civil Procedure"[21] and noted from the legislative history of § 1446(a) "that courts should apply the same liberal rules to removal allegations that are applied to other matters of pleading."[22] Plaintiffs' theory of remand, that Defendants did not support their citizenship claims with probative evidence, runs counter to the Supreme Court's reasoning in *Owen*. Just as a notice of removal need not include evidence of the amount in controversy, the Court holds that it was not necessary for Defendants' Notice of Removal to include evidence establishing each Defendant's citizenship. Plaintiffs' Motions must be denied for this reason alone.

It is true that a removing defendant may be required to adduce evidence establishing a jurisdictional allegation but "only when the plaintiff contests, or the court questions, the defendant's allegation."[23] The Sixth Circuit has described two types of jurisdictional inquiries in a removal case: "facial" inquiries in which a court accepts as true the allegations of the pleadings, both "the plaintiff's complaint, as it is stated at the time of removal, and the defendant's notice of removal;" and "factual inquiries" into the "challenged facts" concerning

---

[20] *Id.*

[21] *Id.* at 553 (citing 14C C. Wright, A. Miller, E. Cooper, & J. Steinman, Federal Practice and Procedure § 3733, pp. 639–641 (4th ed. 2009)).

[22] *Id.* (quoting H.R.Rep. No. 100–889, p. 71 (1988).

[23] *Id.* at 554 (noting that "[e]vidence establishing the amount [in controversy] is required by § 1446(c)(2)(B)").

jurisdiction in which a court goes beyond the pleadings and receives evidence in a "summary-judgment-like procedure."[24] When challenged on the jurisdictional allegations of their Notice of Removal, Defendants have "the burden of demonstrating by competent proof that the complete-diversity and amount-in-controversy requirements are met."[25] It is not clear to the Court that Plaintiffs have mounted a factual challenge to the jurisdictional allegations of the Notice of Removal. Plaintiffs do not actually dispute the Notice of Removal's jurisdictional allegations or question the citizenship of Wells Fargo or Ocwen. Plaintiffs simply argue that Defendants have not offered evidence to corroborate their pleadings. For the reasons already discussed, Plaintiffs' argument misses the mark.

But even if the Court construes Plaintiffs' as a factual challenge to the Court's subject matter jurisdiction, Plaintiffs have raised their challenge following the dismissal of their Complaint and the entry of judgment. Rather than respond to Defendants' motion to dismiss within the time required by the Local Rules, Plaintiffs waited and filed their Motion to Remand after the Court had rendered its decision and the Clerk had entered judgment, albeit only a short time thereafter. In any event Plaintiffs' decision not to respond to the motion to dismiss was apparently a deliberate choice on Plaintiffs' part.[26] "Rule 60 does not provide relief from the

---

[24] *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007) (analogizing Rule 12(b)(1) facial and factual challenges to a complaint's allegation of subject matter jurisdiction to similar facial and factual challenges to a notice of removal's allegation of subject matter jurisdiction).

[25] *Friend*, 559 U.S. at 96-97; *Cleveland Housing Renewal Project v. Deutsche Bank Tr. Co.*, 621 F.3d 554, 559 (6th Cir. 2010).

[26] Specifically, Plaintiffs state in their Motion to Set Aside the Judgment that they might not be required to respond to the Rule 12(b)(6) motion, at least not in this Court. *See* Pl.'s Mot. to Set Aside 1 ("The issues raised in this Motion to Remand are jurisdictional and effect whether in fact the plaintiffs are required to respond to the Motion to Dismiss in this forum."). For the reasons already explained, the Court's jurisdiction was apparent from the face of the Notice of Removal. By the time Plaintiffs challenged jurisdiction, their time to respond to the motion to

consequences of a deliberate choice, even if subsequent events reveal the choice to have been unwise."[27]

Perhaps more importantly, the timing of Plaintiffs' Motion to Remand matters. Up until the entry of judgment, Defendants as the removing parties and the parties asserting federal subject matter jurisdiction had "the burden of persuasion for establishing diversity jurisdiction."[28] But once the Court entered its judgment, Plaintiffs as the parties requesting that the Court vacate its judgment pursuant to Rule 60(b)(4) arguably have the burden to show that jurisdiction is lacking and the Court's judgment is void. Plaintiffs have failed to discharge this burden in any way.[29] Plaintiffs argue instead that Defendants have not proven what powers the Trust granted to Wells Fargo or what rights the trust agreement grants Wells Fargo to the proceeds of Plaintiffs' loan, including presumably Wells Fargo's authority to foreclose on the property. Plaintiffs contend that without this information the Court cannot decide whether Wells Fargo is a real party in interest to this case and therefore whether its citizenship is even relevant

---

dismiss had passed, the Court had granted the motion, and the Clerk had entered judgment. From the perspective of hindsight, Plaintiffs' better course of action would have been to seek additional time to respond to the motion to dismiss until Plaintiffs could prepare their Motion to Remand and the Court could address Plaintiffs' jurisdictional concerns. The point is Plaintiffs made a considered decision not to respond to the motion to dismiss, and Rule 60 is not the proper way to obtain relief from the consequences of that decision.

[27] *Park W. Galleries, Inc. v. Hochman*, 692 F.3d 539, 545 (6th Cir. 2012) (citations omitted).

[28] *Friend*, 559 U.S. at 96.

[29] For their part Defendants argue that the allegations of the Notice of Removal itself satisfy their burden. Defendants' argument might carry more force if Plaintiffs only brought a facial challenge to the Notice of Removal's jurisdictional allegations. However, Plaintiffs seek remand of the case because Defendants have not adduced proof to support their jurisdictional allegations. The Notice of Removal is akin to a pleading and is not in and of itself evidence.

to the diversity question. Plaintiffs add that Defendants have also failed to submit any evidence about the citizenship of the holders of the securities who stand as the beneficiaries of the Trust.

The Court finds this argument unpersuasive for a number of reasons. First and foremost, it is well-settled that for purposes of diversity jurisdiction the citizenship of a trust is determined by the citizenship of its trustee(s), not the beneficiaries of the trust.[30] As such, the citizenship of the trust beneficiaries, here the certificate holders, has no effect on the Court's diversity jurisdiction. Wells Fargo's authority to act in its capacity as trustee goes to the merits of Plaintiffs' claims for relief. Specifically, the Complaint alleged that "the trust and Wells Fargo Bank, N.A., in its capacity as trustee, are not proper assignees or parties to the original mortgage and therefore have no claim or right to foreclose on Plaintiffs' property under the deed of trust."[31] Plaintiffs' argument about Wells Fargo's status as a real party in interest overlaps with the merits of Plaintiffs' claim about Wells Fargo's right to enforce Plaintiffs' mortgage via foreclosure. The Sixth Circuit has held that a court should perform "a factual inquiry regarding the complaint's allegations only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim."[32] Otherwise, a court "should *find that jurisdiction exists* and deal with the objection as a direct attack on the merits of the plaintiff's claim."[33] This provides an independent basis for the Court to accept jurisdiction in this case and deny Plaintiffs' Motion to Remand and Motion to Set Aside the Judgment.

---

[30] *Navarro Sav. Ass'n v. Lee,* 446 U.S. 458, 464 (1980); *Homfeld II, L.L.C. v. Comair Holdings, Inc.*, 53 F. App'x 731, 732 (6th Cir. 2002).

[31] Compl. ¶ 8.

[32] *Gentek Bldg. Prods.*, 491 F.3d at 330.

[33] *Id.* (emphasis in original) (citation and internal quotation marks omitted) ("[If] an attack on subject-matter jurisdiction also implicates an element of the cause of action, then the district court should *find that jurisdiction exists* and deal with the objection as a direct attack on the merits of the plaintiff's claim.")

And as a practical matter, Plaintiffs' own allegations suggest that Wells Fargo is a real party in interest to the dispute. The Complaint alleged that Wells Fargo had initiated foreclosure proceedings on Plaintiffs' property. The Complaint named Wells Fargo as a party to this action in its capacity as a trustee and requested declaratory relief about Wells Fargo' rights in the property and the validity of any attempt by Wells Fargo to conduct a foreclosure sale of the property. In other words, the injuries alleged by Plaintiffs were caused by the conduct of Wells Fargo, and the injunctive relief sought by Plaintiffs would have been ordered against Wells Fargo. And as the Court discussed in its order granting the motion to dismiss, the written instruments central to Plaintiffs' claims showed that Option One Mortgage, the originator of Plaintiffs' home loan, had endorsed the note to Wells Fargo, giving Wells Fargo the right under Tennessee law to enforce the note. The Complaint did not separately name the Option One Woodbridge Loan Trust as a defendant. It is not clear then how Plaintiffs can argue that Wells Fargo is not a real party in interest to the dispute in this case. Therefore, Plaintiffs' arguments are unavailing.

## CONCLUSION

The Court holds that Plaintiffs have not shown cause for the Court to set aside its judgment in this case. Therefore, Plaintiffs' Motion to Remand and Motion to Set Aside Judgment are **DENIED**.

**IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                           S. THOMAS ANDERSON
                                           UNITED STATES DISTRICT JUDGE

                                          Date: March 29, 2016.